(79 South. 300)

## TENNESSEE RIVER NAV. CO. v. HODGES.
(8 Div. 136.)

(Supreme Court of Alabama. June 29, 1918.)

JUDGMENT ⬥138(3) — DEFAULT — OPENING— MISNOMER IN SUMMONS.

Judgment by default against the Tennessee River Navigation Company will not be set aside because "River," in its corporate name, was omitted from summons, where copy of complaint, wherein name was correctly given, was served on company, which also was named correctly in sheriff's return.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Boyd Hodges against the Tennessee River Navigation Company. From judgment against it by default, defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Street & Bradford, of Guntersville, for appellant. Rayburn & Wright, of Guntersville, for appellee.

MAYFIELD, J. Appellant corporation seeks to have a judgment by default against it set aside, on the sole ground that the word "River," in its corporate name, was omitted from the summons. The word "River" does appear in the complaint, and in the return of the sheriff. In other words, the complaint and the judgment properly describe the defendant. The return of the sheriff shows that a copy of both the summons and the complaint was served on the agent of this defendant. The only irregu-

larity was the omission of the word "River" from the corporate name in the summons. If that word had been omitted from the complaint, as well as from the summons, and the return had shown the same omission, a judgment against this defendant would probably not have been authorized. Here it fully appears that the defendant corporation was served with copies of the process, and that the only fault was a discrepancy in the name of the defendant; the summons omitting one word of the name, which is conceded to be correct in the complaint, a copy of which was served on the defendant. This was sufficient to bring defendant into court, or certainly it did not warrant the defendant in failing to appear, after service, and allowing judgment by default to be rendered.

This case is readily distinguishable from those where the record fails to show service upon the defendant against which or whom the judgment was rendered. Here the record does affirmatively show service upon the defendant against whom the judgment was rendered. Mere errors like this—that is, discrepancies between the summons and the complaint—do not render judgments by default void. The cases relied upon by appellant are not applicable to a case like this.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.